Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Nancy A. Juette (NJ7286)
Ananya Dash (AD0376)
Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile:  (212) 226-5085

Attorneys for Plaintiff
Energy Intelligence Group, Inc.





UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
Energy Intelligence Group, Inc.,          :
                                          :
    Plaintiff,                            :
                                          :
                                          :
                                          :
                                          :
    -against-                             :
                                          :
                                          :
                                          :
                                          :
                                          :
JPMorgan Chase & Co.,                     :
                                          :
    Defendant.                            :
-------------------------------------------------X

06 CV 4196

Civil Action No.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND BREACH OF CONTRACT**

## COMPLAINT

Plaintiff Energy Intelligence Group, Inc., (hereinafter "Energy Intelligence"), by and through its undersigned counsel, for its Complaint against Defendant, JPMorgan Chase & Co. (hereinafter "Defendant") states the following. Allegations made on belief are premised on the

belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under 28 U.S.C. §1331 and 1338 (a), as it is an action arising under Acts of Congress relating to copyrights, namely, the Copyright Act of 1976, as amended, 17 U.S.C. §101 et seq. This Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. §1367 (a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (c) and 28 U.S.C. § 1400 (a), and N.Y. C.P.L.R. § 503 (c), as the Defendant is a corporation subject to personal jurisdiction in this district and is therefore deemed to reside here for purposes of venue.

## THE PARTIES

3. Plaintiff is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, NY 10016-2807, and is doing business in New York State.

4. Defendant is a Delaware corporation with its corporate headquarters and a primary place of business at 270 Park Avenue, New York, NY 10017, and is registered to do business in New York State.

## FACTS COMMON TO ALL COUNTS

### A. Energy Intelligence's Publications

5. Energy Intelligence and its predecessors in interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over fifty (50) years.

6. In particular, since 1951, Energy Intelligence has published the daily newsletter *Oil Daily* (hereinafter "OD"). The focus of OD is to provide original in-depth articles regarding significant

industry news and trends, as well as new and forthcoming policy and legislative changes, corporate mergers, international events, and technological advances, and activities in the crude and products markets affecting the fast-paced oil industry. OD's elite audience consists predominantly of top oil executives, bankers, investors and analysts in the United States, Canada, and Latin America and other countries throughout the world. A copy of the August 26, 2005 edition of *Oil Daily* (hereinafter the "Work") is attached hereto as <u>Exhibit A</u>.

7. Additionally, OD articles also provide valuable news and pricing information and related analysis of matters affecting oil prices.

8. Energy Intelligence has invested significant time and resources to develop its publications and services. Energy Intelligence's focus is on high quality articles and analysis, and OD has been recognized as providing some of the most insightful articles addressing key issues affecting the oil industry.

9. Energy Intelligence maintains an editorial staff of approximately fifty (50) reporters, editors, and analysts at six (6) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, and Singapore.

10. The original content and information gathered by Energy Intelligence and included in OD and its other publications are valuable assets. Energy Intelligence also publishes the following original publications in the following energy-related fields:

**MacroViews:** *Energy Intelligence Briefing, Energy Compass, Petroleum Intelligence Weekly;*

**Global Perspectives:** *International Oil Daily;*

**Regional Perspectives:** *Nefte Compass;*

**Oil Markets:** *Oil Market Intelligence, Jet Fuel Intelligence;*

> **Corporate Analysis:** *International Petroleum Finance;*
>
> **Natural Gas:** *World Gas Intelligence, Natural Gas Week, NGW's Daily Price Snapshot;*
>
> **Numerical Data:** *The Russian / Caspian 2004 Data Source, Oil Market Intelligence Numerical Data Source, Natural Gas Week Numerical Data Source, World Gas Intelligence Numerical Data Source;*
>
> **Research Reports:** *Almanac of Russian and Caspian Petroleum 2004, International Crude Oil Market Handbook 2004, The Energy Intelligence 100: Ranking the World's Oil Companies, 2004, World Gas Handbook 2003-04, Evaluate Energy's Oil Company Profiles, The Russian / Caspian 2004 Data Source;* and
>
> **Specialist Services:** *Oil Analytics – Natural Gas Analytics.*

All of Energy Intelligence's publications are targeted at a highly sophisticated audience.

11. As such, Energy Intelligence has developed an invaluable reputation for its extremely high standards and the reliability of the information contained in OD as well as in its other publications.

12. In view of the extensive research efforts required for OD and Energy Intelligence's other publications, Energy Intelligence provides various subscription plans for interested parties to purchase OD and its other publications, and access the valuable information contained therein.

13. Interested third parties have various subscription options depending on their particular needs. Subscribers may obtain OD by email, facsimile, print, and/or from Energy Intelligence's website, which permits password-protected access to current and/or archived issues. Interested third-parties may also purchase individual issues and/or articles.

14. In order to better serve its customers, Energy Intelligence also participates in a licensing arrangement with the Copyright Clearance Center, Inc. (hereinafter "CCC") through which CCC

4

acts as an agent for Energy Intelligence and its publications, granting third parties rights to use articles and/or portions of Energy Intelligence's copyrighted works in a limited manner for a licensing fee.

15. Energy Intelligence also provides copyright notice on its website, invoices, email, transmittal letters, articles and publications, so that third parties are aware of Energy Intelligence's rights in the publications and works of original authorship. Energy Intelligence is also the owner of U.S. Copyright Registration No. TX 6-226-396 for Volume 55, No. 165, for the OD issue dated Friday, August 26, 2005, attached hereto as Exhibit B.

## B. Defendant's Improper Use of Energy Intelligence's Copyrighted Publications

16. Defendant is a customer of Energy Intelligence, which has a single-user email subscription to OD. This single-user email subscription does not permit any issue of OD to be copied in part and/or in full, and distributed to other individuals.

17. No agreement and/or subscription permits Defendant to copy and/or reproduce OD in its entirety.

18. The contact person for this single-user email subscription to OD has changed over time but currently is in the name of Monica Chapa, an employee of Defendant.

19. The contact person is Monica Chapa, and the email address to which the single-user subscription to OD is sent on a daily basis is pankaj.sharma@jpmorgan.com.

20. Upon information and belief, this email address belongs to and is used by Pankaj Sharma, an employee of Defendant who is physically located in Mumbia, India.

21. Upon information and belief, on August 26, 2005, Pankaj Sharma, an employee of Defendant, sent an email attaching a full pdf-version of Volume 55, No. 165, of OD dated

August 26, 2005, which was received by Defendant under its single-user subscription, in its entirety to seventeen (17) individuals throughout Defendant's related organizations. Energy Intelligence learned of this through an August 26, 2005 email which it received from Courtney Smith, another employee of Defendant, which included the forwarded email. That certain August 26, 2005 email is attached hereto as Exhibit C.

22. Upon information and belief, Defendant willfully undertook to copy, exhibit, transmit, display and distribute the Work without permission from Energy Intelligence.

23. Defendant has not entered into any agreement or relationship with Energy Intelligence that would allow Defendant to copy, exhibit, transmit, display and distribute and/or otherwise use the Work in the manner described above.

### COUNT ONE
### COPYRIGHT INFRINGEMENT
### OF COPYRIGHT REGISTRATION NO. TX 6-226-396

24. Energy Intelligence repeats and alleges Paragraphs 1-23 as though fully set forth herein.

25. Energy Intelligence was and is the exclusive holder of all rights, title and interest in OD and the Work at issue, and is the owner of a valid copyright in the same, subject to U.S. Copyright Registration No. TX 6-226-396. See Exhibit B.

26. On August 26, 2005, a copy of the Work was sent under the single-user subscription to Pankaj Sharma, an employee of Defendant.

27. Upon information and belief, on that same day, Pankaj Sharma sent a copy of the Work to seventeen (17) individuals who are all employees of Defendant.

28. Upon information and belief, Defendant copied, exhibited, transmitted, displayed and distributed the Work to numerous individuals, without implied or express authority, nor with Energy Intelligence's express and/or implied permission.

6

29. Energy Intelligence did not grant Defendant any right to copy, exhibit, transmit, and/or display the Work or any issue of OD in its entirety and beyond the limited license granted under the subscription.

30. Energy Intelligence did not grant distribution rights for the Work to Defendant in the single-user subscription.

31. Upon information and belief, Defendant willfully infringed the copyright in the Work by copying, exhibiting, transmitting, displaying and distributing the Work beyond the scope of the limited license granted in the single-user subscription, without permission and/or authorization express or implied from Energy Intelligence. See Exhibit C.

32. Energy Intelligence became aware of Defendant's infringement of the Work through an e-mail dated August 26, 2005 that it received from Courtney Smith, an employee of Defendant. Courtney Smith's email included the email chain, which indicated that Defendant had forwarded and/or reproduced the Work to at least seventeen (17) persons holding various positions in and among Defendant's organization. See Exhibit C.

33. Upon information and belief, with full knowledge of Energy Intelligence's rights herein, Defendant has willfully infringed and continues to infringe Energy Intelligence's copyrights by copying, exhibiting, transmitting, displaying and distributing the Work. Such use was done by Defendant without the consent, approval and/or license of Energy Intelligence.

34. Defendant's aforesaid acts violate Energy Intelligence's exclusive rights under §106 of the Copyright Act of 1976, 17 U.S.C. §106, as amended, and constitute infringement of Energy Intelligence's copyright in the Work. Defendant's past and continuing copying, exhibiting, transmitting, displaying and distributing of the Work constitute a willful, deliberate and ongoing infringement of Energy Intelligence's copyrights and is causing irreparable harm and damage to Energy Intelligence.

## COUNT TWO
## BREACH OF CONTRACT
## INVOLVING *OIL DAILY*

35. Energy Intelligence re-alleges and incorporates the allegations set forth in Paragraphs 1-34 above.

36. This is also an action brought by Energy Intelligence for damages based on breach of contract.

37. The access and use of Energy Intelligence's OD by Defendant is governed by a legally enforceable contract in the form of a subscription agreement (hereinafter the "Contract") by which Energy Intelligence authorizes Defendant's use of OD. The Contract permits access to OD by a single-user for the purpose of viewing, reading and downloading OD for a lawful purpose, but strictly prohibits further copying, exhibiting, transmitting, displaying, or distributing any of the publications as a whole, or in portions that cumulatively equate to the whole, to non-subscribers.

38. Specifically, in accordance with the terms of the Contract, Defendant agrees to take all information included in any of Energy Intelligence's publications, including OD on an "as is" basis, and further agrees that Energy Intelligence cannot be liable for any incidental or

consequential damages related to any reliance thereon. The Contract further states that Energy Intelligence does not warrant the accuracy, adequacy, completeness or any other aspect of the information contained in any of the publications, including OD. By the terms of the Contract, Defendant agrees to relinquish its right to bring suit for damages that it may sustain from relying upon the information included in OD.

39.     Upon information and belief, Defendant has breached the Contract between the parties and enabled parties who are not subject to this Contract to obtain information included in OD. As said third parties do not have a contractual relationship with Energy Intelligence, the warranties and terms of the Contract regarding the use of OD do not formally exist. Defendant's breach exposes Energy Intelligence to potential claims by unlicensed recipients of OD beyond the terms originally agreed to by Energy Intelligence and Defendant in the Contract.

40.     Further to the Contract between Energy Intelligence and Defendant, the parties agree that any unauthorized use of OD will be deemed willful infringement. Energy Intelligence did not authorize Defendant's use beyond the licensed recipient. Defendant's acts constitute willful infringement pursuant to the terms of the Contract.

## JURY DEMAND

Energy Intelligence hereby demands a jury trial.

WHEREFOR Energy Intelligence requests:

(1)     That Defendant, its directors, officers, agents, subsidiaries and affiliates be enjoined during the pendency of this action and permanently from infringing the copyright and/or copyrights of Energy Intelligence in any manner, and from copying,

exhibiting, transmitting, displaying and/or distributing the Work beyond the single-user subscription.

(2) That Defendant be required to pay to Energy Intelligence such actual damages as it has sustained as a result of Defendant's copyright infringement pursuant to 17 U.S.C. §504.

(3) That Defendant be required to account for and disgorge to Energy Intelligence all gains, profits, and advantages derived by its copyright infringement pursuant to 17 U.S.C. §504.

(4) That Defendant be required to pay Energy Intelligence an increase in the award of statutory damages due to Defendant's willful infringement pursuant to 17 U.S.C. §504 (c)(2).

(5) That the Court declare Defendant in breach of the Contract with Energy Intelligence described in Count Two.

(6) That the Court issue an Order requiring Defendant to hold harmless and indemnify Energy Intelligence from any claim(s) raised by any third party who allegedly relied upon any Energy Intelligence publication it received as a result of Defendant's unauthorized forwarding to said party.

(7) That the Court enter judgment against Defendant in favor of Energy Intelligence for all claims for breach of contract, including pre- and post-judgment interest, as allowed by law.

(8) That the Court enter judgment against Defendant finding that its unlawful copying and dissemination of Energy Intelligence's OD is willful.

(9) That Defendant be ordered to pay to Energy Intelligence its costs in this action along with reasonable attorney's fees.

(10) That Energy Intelligence be granted such further relief as the Court deems just.

Respectfully submitted,

Dated: June 2, 2006

By: _____
Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Nancy A. Juette (NJ7286)
Ananya Dash (AD0376)

Law Office of Robert L. Powley, P.C.
417 Canal Street, 4th Floor
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085

Attorneys for Plaintiff
Energy Intelligence Group, Inc.